IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff | * | |
| v. | * | Case No. JKB-14-0083 |
| ANTONIO LAMAR COOPER | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Defendant has filed a Motion seeking compassionate release (ECF No. 325). The Government has filed a response in opposition (ECF No. 334), and the Defendant has filed a reply (ECF No. 338). The Court has carefully reviewed the respective submissions and relevant portions of the extensive record in this case. The Motion will be DENIED.

First, the Court concludes that there are no extraordinary or compelling reasons justifying compassionate release. The Defendant contends that there has been a significant change in the law and cites *Dean v. United States*, 581 U.S. 62 (2017). But the record contains no suggestion that the sentence imposed in this case would have been different if *Dean* had been decided prior to the adjudication and sentencing in this matter. The *Dean* opinion does not compel a different result or process followed by the sentencing judge. Second, adopting the reasoning set for in the Government's brief (ECF No. 334), the Court does not find that the Defendant received an "unusually long sentence." The sentencing judge found that the Defendant intended to murder one of his victims. That specific circumstance, combined with other aggravating facts detailed in the record at the time of sentencing, undercut any argument that a sentence of 241 months was in any way unusual, inappropriate, or excessive. Finally, when the Court applies the factors set out in *18*

U.S.C. § 3553(a), it concludes that the sentence imposed remains entirely appropriate and should not be altered. This was an extremely violent offense, and the Defendant was at the center of that extreme conduct. Among the multiple factors that must be considered under § 3553(a), the facts of this case require the Court to give protection of the public the highest priority, and when the Court does make that factor primary, the sentence imposed remains "sufficient, but not more than necessary."

The Court notes that the Defendant's course while incarcerated has been less than exemplary. The Defendant's disciplinary record at the BOP reveals four violations including possession of a dangerous weapon.

Upon the foregoing, the Defendant's motion for compassionate release (ECF No. 325) is DENIED.

Dated this ___5___ day of December, 2025

BY THE COURT:

_____
James K. Bredar
United States District Judge